Hear ye, hear ye, this Honorable Appellate Court for the Second Judicial District is now in session, the Honorable Robert D. McLaren presiding. Your Honors, the only case on the docket this morning is 2-24-0531, Dianus Sifo as mother and next friend of M.S., a minor child, Plaintiff Appellant v. Gary Haeger and Sandra Haeger, Defendant Appellee. Arguing for the Appellant, Mr. Anthony Sifo. Arguing for the Appellee, Mr. Michael Reces. Thank you. Mr. Sifo, you may proceed. Thank you. Your Honors, and Attorney Reces, may it please the Court, my name is Tony Sifo and I am the Attorney for the Plaintiff and Appellant, Dianus Sifo, who is the mother and next friend of a minor child named Maverick Sifo and my son. This underlying case is about liability of co-owners of a German Shepherd who bit and injured a minor child in 2021. This matter is before your Honors for a de novo review of the trial court's dismissal of Defendant Sandra Haeger as a party defendant pursuant to 735 ILCS 5-2-619A9 of the Illinois Code of Civil Procedure with prejudice. Sandra Haeger asserts her absence at the time her dog bit Maverick is an affirmative defense that either avoids the legal effect or defeats the claim in its entirety and relies upon a number of cases where the owner relinquished control to a third party non-owner. That's not necessarily the case here. The issue before the Court is whether a co-owner may relinquish ownership to a third party as defined by the statute of the Animal Control Act. We do not believe so. Alternatively, there is the argument that the trial court erred when it did not construe all pleadings and supporting documents in the light most favorable to the non-moving party, the plaintiff in this matter. There is no disagreement about ownership in this case, is there? There is none. Okay, just I wanted to be sure based upon some of the things I read. In this instance, the Court found that Mrs. Haeger relinquished control of Walker to her husband, but that is not in her affidavit, which was filed with the Court, and this is conceded in the appellee's response brief on page 11. At a minimum, the Court erred in not providing all inferences to the plaintiff, and the Court prematurely dismissed Sandra Haeger as a party defendant in this matter. Alternatively, the Court erred in establishing one co-owner may relinquish control of the animal to a second co-owner, which is the premise of the multitude of cases that have been before this Court. The trial court's ruling should be reversed and remanded, and I thank you for your time. I don't have any other questions. Counsel, why shouldn't we follow the case law and suggest that if she relinquished custody or care or her ability to control the dog to somebody else, what difference does it make if it happens to be a relative? So two parts of that, Your Honor. The first is that there's the premise of the relinquishment of control, which was not asserted here in the underlying case. It was not in the affidavit, and it was not in any supporting facts. It wasn't in an answer. So there's that premise that's there. The second is, can a co-owner relinquish control to a second owner? And there is no case that's on point with that, but I would raise to the Court's attention is Zadella v. Gibson, which is 650 NE 2nd 100209 ILL DEC 27 in 1995. And in that was with regards to an automobile. And essentially, the automobile was purchased as a co-relationship with a father and a son. And in that particular matter, the Court states, as a general matter, one co-owner does not have a superior right of control over a vehicle compared to another co-owner. Well, in Illinois, animals are presumed to be, or they are, personal property. So I would say that this animal, a walker, is akin to another vehicle. And so you cannot have it where one is asserting a superior right or control at any given moment. And that's my response to you, Your Honor. But she's asserting a lesser control, not a greater control. Either way, Your Honor, the premise that's there is, can you have less or more of a control? The inverse would be true as well, I would believe. So if you can't have a superior right of control, you certainly can't have a lesser right of control. I have no other questions. Do you have any questions, Sue? No. Do you have any other questions, Sue? No, I do not. Okay. Thank you. Mr. Schieffel, how many forms of ownership are there? Like, for instance, sole ownership, co-ownership, joint tenancy, tenancy in common, a dantian, I believe it's called, a partnership. There's not. How would you characterize this particular instance of ownership? I would, there's also tenancy by the entirety, Your Honor. And I'll be frank, I don't know the number of types of ownership that are out there, but there are certainly a plethora of them. With this particular matter, pursuant to the, if we were to go into ownership as a married couple, that'd be pursuant to the Illinois Marriage and Dissolution of Marriage Act. And 503 there states that any and all property is presumed marital, unless it's one of the designated exceptions to that rule. And as Sandra Hagar and Gary Hagar are married, I presume that it's a marital asset, which would be a complete joint control of this personal property. Well, not to be picky, but do we know when they got married and when they got the dog? I don't, Your Honor. Okay. I don't think I have any other further questions, other than to ask, I think you said that you haven't found any case law on point relative to the status of co-ownership and that the case law, I think Hayes is one of them, relates to factual scenarios where an owner or the owner of an animal, typically a dog, relinquishes care and custody to a third person who is not a co-owner. Is that correct? That's correct, Your Honor. That's my assertion, is that in this particular instance, it's from... Thank you, Your Honor. You'll have an opportunity to make rebuttals, sir. Thank you. Thank you. Mr. Reces, you may proceed. Thank you, Your Honor. May it please the court, counsel. And my name is Michael Reces and I'm here today on behalf of Sandra Hager, defendant appellee. The trial court was correct to dismiss Sandra from the case. Plaintiff does not dispute that the incident happened before Sandra arrived in the park, because she was not present. He was in no position to control the dog or prevent the injury. And for that reason, there was no factual or reasonable basis for liability on her under the Animal Control Act. The trial court should be affirmed. Now, plaintiff claims that Sandra's co-ownership of the dog with her husband is enough to hold her liable. But despite the act's language and purpose, our courts have spoken with one voice and have routinely rejected plaintiff's strict liability interpretation. The act eliminates the requirement that the owner know or should know of the dog's dangerous propensities. Here, of course, there's no evidence of dangerous propensities and there's no common law claim before the court. However, in all cases, our courts require some level of care, custody, or control as a factual or reasonable basis for liability. Plaintiff did not address this requirement in the briefs and has not done so today. To determine if there was a factual or reasonable basis for liability, courts look at the facts and focus on who was in the best position to control the dog at, quote, precise moment, close quote, of the incident. The legislature's intent was to place the burden on the party in the best position to prevent the harm. That's a matter of common sense. Here, Sandra was not in the best position to prevent the injury or control the dog. Now, Sandra had a property interest in the dog and that did make her a co-owner with her husband under Section 2.16 of the Act. And while that interest may have been enough to bring her within the definition of an owner under the Act, it was not by itself a factual or reasonable basis for liability. Our courts have refused to impose strict liability as a pure penalty for dog in my life. We have arguments on a regular basis who's taking the dog out in the morning. And the fact that I take it out or my husband loses the battle that day doesn't mean, at least in my mind, that I have no responsibility for that dog. I am a co-owner of this dog and I believe if something happens while I'm out with the dog or while he's out with the dog, I still have responsibility for that because I haven't given up control or dominion over that dog. So, how are you going to define control and dominion, maybe? I'm going to define it by terms of having the practical means to prevent the injury. And I submit you have to be there holding the leash or exercising physical control over the dog. So, if no leash, the dog escapes and is carrying the leash along with him, who's responsible? Well, if you're...  No, Your Honor, I don't agree with that. If you are the one who is taking the dog for a walk and you decide to let the dog off the leash or if the dog escapes from the leash, you can be held liable, be no different than if the dog escaped from your backyard. My point is, though, that here we do have... Maybe that day was Gary. Gary's husband, he had the bad luck to be the one to take Walker to the park. And Sandra was not there at the time of the incident. And when you look at the case law, such as, for example, Hayes, you had a dog owner who was not liable when she dropped the dog off at a veterinary clinic and was no longer in a position to control the animal, which had escaped and prevent the injury. Or if you look at Dershowa, maybe I'm mispronouncing it, you had an owner who was not liable when they left their dog with a house sitter and they were out of town. And in Pappish, you had a noncustodial parent who was not liable when her son moved out of the house with the dog and she was no longer in a position to control the dog or prevent the injury. The common denominator in these cases is that the courts felt it would be unreasonable to impose liability on owners who did not have control or possession through no fault of their own at the time of the alleged injury. Now, we heard today Planoff is trying to distinguish these cases by arguing that they involved a quote, independent close quote, third party, not a co-owner situation. But the owner definition broadly includes under the statute, those who care for the dog, which describes the dog sitter in Pappish, those who have custody of the dog, which describes the vet clinic in Hayes until the dog escaped while being walked, and those who keep the dog, which describes the custodial parent in Dershowa. The dog sitter, the vet clinic, and the custodial parent were not quote, independent third parties at the quote, precise moment, that's what we're talking about, the precise moment of the incident, but were akin to different forms of ownership under the statute. In response to Justice McLaren's question, in terms of different forms of ownership, I would like to tie it to the actual statutory language. And the act says you can be an owner in different ways. And in these cases we're relying on, there is always someone else than the owner who at the precise moment of injury had responsibility akin to Sandra's, akin to an owner who had a property interest in the dog. And Justice Hutchinson, to go back to your question, if your husband's the one walking the dog, he is the one who is able to exercise control and prevent the injury. And I understand certainly that I think any dog owner would feel terrible if the dog, while being in the care, custody control of someone else, caused anyone any harm. That is a natural, natural feeling to have. But here we're talking about legal liability. Now, a plaintiff does say- So wait, so the minute he walks, the minute Gary walks out the door with Walker, she has no responsibility for that dog's care. Is that, is that what you're saying? Vis-a-vis third parties, when she doesn't have the ability to control the dog or prevent the harm, it has to be a reasonable or factual basis. And once they're out the door, Gary's walking the dog, Walker, on a leash, the act does not impose liability on Sandra, imposes liability if there's liability on Gary. And I just want to be clear here, in our answer, we have not admitted that the incident took place as the plaintiff alleges. But if anyone was subject to the act, it would be Gary. Well, let's try this one, Mr. Reeses. Let's assume that the dog gets injured on this walk and is taken to the veterinary hospital, and Gary's walking the dog, and treatment is given. And whenever you go to an emergency, trust me, an emergency dog hospital, it's always more than if you go to the regular veterinarian. They don't pay, and the vet sues. The vet just going to sue Gary? Or is he going to sue Gary and Sandra? Because she is a co-owner and she is responsible for that dog's care, even though she wasn't the one walking it. I mean, Sandra might be, Sandra might have responsibility, but it wouldn't be because of the Animal Control Act. Well, maybe not. But the issue is, why do we treat this dog's care differently based upon who is immediately in charge of the dog, if they are truly co-owners? Because our courts have placed a judicial gloss on the statute to eliminate the possibility of a strict liability and require there to be a factual or reasonable basis for liability. And not to call anybody out, but I think I can see two justices on this bench who concurred in a couple of those cases. I know. I was the only one who was not there. That's right. You're the only one who's writing on a blank slate, so to speak. Yeah. And I'm going to tell my husband that he can walk the dog all the time. Mr. Reeses, you've said more than one strict liability. And approximately a minute to a minute and a half ago, you talked about liability, and it was in response to Justice Hutchinson's scenario. And I'm bringing this up because I think it seems to me, at least, that you're conflating strict liability with joint liability. And am I wrong? Because strict liability relates to lack of fault. And it relates to it because there appears not to be any privity or ownership or activity or negligence or duty or breach thereof. Whereas joint liability with co-owners, at least, I don't believe requires any negligence acts on the part of a spouse or a co-owner. Would you please clarify to me, at least, why you're referring to this as strict liability when it seems to me it's joint liability? I'm referring to, again, going back to the case law, which has said that we're not going to ownership. Ownership is not enough under the Act. For strict liability? Well, I'm talking about, well, certainly strict liability is part of it because it's without reference to any type of fault, without a factual or reasonable basis for liability. But the case law under the Animal Control Act, going back at least to 1967, I believe, with Vanderle says that the Act does not impose liability as a pure penalty for ownership. I think in that case, the plaintiff tripped over a sleeping dog. And the court said, and maybe the owner of that dog would have felt terrible that the dog was lying on the porch and tripped over. But still, what the court is saying is we're going to put some reasonable limit on an owner's liability, whether it is the owner, and I would take that to mean the owner or an owner. There has to be some limitation. And I think that if you follow the prior cases, at least two from the second district, you will hold that the Act's purpose would not be advanced by imposing liability on the owner who did not have physical custody and who lacked the practical means of control to prevent the injury. And plaintiff's argument would, if accepted, impose that liability as a pure penalty of ownership. Mr. Reeses, the example you gave regarding tripping over a sleeping dog, I believe, is somewhat inapt. And I say that because it's not, it may be strict liability in the sense that we're talking or you're talking about it's irrelevant or immaterial so long as there is an injury of some sort caused by an animal to somebody or something. But the sleeping dog trip relates to liability generally. And if it's general liability, it, the husband isn't liable. And this is where I think Justice Hutchinson was coming from. If the, if the husband could not have been liable, then neither could the wife. Because she's liable based upon joint ownership. But she's not liable because he isn't strictly liable. And so it's the conundrum that we're going to have to resolve in this particular case, because this particular case seems to be the first time that at least I've seen anybody discuss strict liability vis-a-vis joint liability based upon co-ownership. If you want to comment, you may. It's just an observation I'm making. And I'm not sure that you've necessarily addressed it to my satisfaction. Because as I said, I think you're confusing or you're mixing the two. And they, in order for me to understand and agree with you, I'd have to see some greater specificity. And frankly, when they, when the law at one time was strict liability, and the reason why was because animals were constantly at large. And they weren't just dogs, they were farm animals that were large. And the cost to the farmer, especially when it was strict liability, and the animal could have knocked the fence down to get out and injured somebody or something. So the concept that you're suggesting, I think you're melding the two, when you say strict liability, instead of addressing joint liability. Because I think Mr. Schieffel was addressing joint liability more than he was addressing strict liability. I think my only, I think the point you're trying to make is that in any case, we need a factual or reasonable basis for liability. And it's triggered by one of the definitions of owner under the Act. And at the precise moment of injury, she had no ability to prevent the injury. We have though, a potentially, a precise potentially liable, or a potential, a party that's potentially subject to the Act. Would you agree that there's an ambiguity in the statute? Because you seem to be arguing mixed or multiple concepts, which if the statute were properly written, there should only be one definition or concept. Would you agree? I am not suggesting that the statute is ambiguous at all. I'm simply saying that there are different ways that one can be subject to the Act, whether you're an owner, harborer, keeper, if the dog is in your care, if you have custody, control, different ways, it's broad, but none of them impose joint liability. It is a case of first impression. And for that reason, I agree that the three of you will be writing on a blank slate. But I do believe that based on the uncontested facts here, it was not possible for Sandra to do anything to control Walker at the precise moment of the injury. I know that my time- I have a couple of questions, though. Okay. Justice McLaren, were you finished with your line of inquiry? I'm finished. Yes. So the term owner creates an ownership interest in the dog because you actually own it, it's a piece of your property, and you're correct, it's personal property here. Sandra keeps the dog, she harbors the dog, it's in her care the other 99% of the time, she's its custodian, and she has knowingly permitted the dog to remain on their premises. So why do we pick out only one thread of the penumbra of ownership aspects and say, no, she doesn't qualify under that? Again, I'm relying on an unbroken line of decisions that require in every case that there be a factual or reasonable basis for liability at the precise moment of the injury. So talking about the fact that she feeds the dog at home, she takes care of the dog at home, maybe she walks the dog 99 out of 100 times, and this one time, she left it to her husband to walk the dog. Even so, the court, the case law does talk and focus on the moment of injury, and not what happens the other 99% of the time. Okay. And in Hayes, there was relinquishment to a veterinarian. Yes. A locked facility where you would presume they're going to take good care of your dog. Yes. The brother who was house sitting and not only take care of my house, but oh, by the way, feed the dog. Yes. And then the non-custodial parent. So here's my question. Where does our obligation to not only interpret the letter of the law, the letter of the statute, but also to set policy is it, was it ever intended to separate joint owners from liability under the, I guess, overall legislative intent of setting this statute up? I mean, why isn't the policy in favor of saying, look, two people in a household own the dog. They're both responsible for that dog. Period. So I guess the way I would look at it again is if you decide that someone is liable under the act for no other reason than the fact that they have that property interest, but lacked any ability to control the dog. I think you are departing from a settled interpretation of what the case law has been. Right. I guess you've sort of missed my point. Look, I get your, you're very good at giving me the same answer, no matter how I phrase the question. Kudos for that. But here's my point. You keep saying just based on ownership, but this is joint ownership. This is clearly co-ownership. Why should we draw the line and carve out an even deeper exception to the relinquishment aspect? In other words, we have the house sitter, the vet, none of which have any interest in that dog. All those three exceptions. Here, Sandra does have an interest in that dog, whether she was there when the event occurred or not. Far greater interest in that dog than any of the prior exceptions. I only hesitate to answer because- Well, don't hesitate because I'm going to keep asking until you give me some kind of an answer. I don't accept that under the case law as it has developed, and under the statute as it has been written and enforced, that joint ownership, like ownership, is sufficient. In terms of a public policy, Gary is there. Gary, you have a responsible party like the clinic. The clinic doesn't own the dog, have a property interest in the dog, but it has control of the dog. In Dershowa, again, you've got the house sitter, the brother, doesn't own the dog, but he is caring for the dog. He is feeding the dog. He has the responsibility akin to an owner. The same is true in Papish, where you've got the non-custodial parent. Just because you say, well, this situation is joint, well, if she's there, we're not- If she's there with Gary, we're not here today. We're not here today. She's not present at the time. She would be held liable potentially for no other reason than, as you say, she has joint ownership. It is a case of first impression, but I think when you look at the public policy, Gary's there. It's not like the dog escapes and there's no one to control the dog. Walking the dog is different than letting the dog escape off the leash. Let me ask you this then, sir. I hate to change facts in a question, but bear with me. If Gary doesn't own the dog, it's just Sandra's dog. Is she responsible? Yes. I'm sorry. She's not responsible. Gary doesn't own the dog. He's walking the dog. He has the leash. He has control. It'd be no different than a dog walker. Well, he is a dog walker. Right, but then we've taken the position that the brother is not responsible. I'm sorry. It's not the- Remember the dog walker, the house sitter? The house sitter- She's relinquished the custody, so that would be your position? No. My position is the brother who's there is responsible. Right. The owners who are out of town, they're not responsible. Okay. All right. Thanks. Again, that is the Dershow case. Dershow. Right. Any other questions? Yes. No. Thank you. Thank you. Thank you. Just to sum up, for all the reasons argued today and maybe argued at greater length than we were allotted time to answer, we ask you to affirm. Thank you. Thank you. Mr. Schieffo, you may make rebuttal if you'd like. Thank you. Just very briefly, so that's where I'd raise the case of Scholard, where in that case, it states in part of paragraph 22, defendant's reliance on Hays is inept. Hays is limited to situations where the legal owner of an animal relinquishes care and control to another responsible entity such that the legal owner can reasonably expect that the entity will exercise the tight control expected under the act. Again, that's not what happened here. You have two joint owners and one joint owner took Walker out for a walk and then an injury occurred. So I concur with the questions that have been posed as well as I believe the sentiment. This is a joint ownership that's here. There was no relinquishment of control to a third party, which is what Hays and Dwersha and all of those other cases is about. It's the attempt to have a responsible third party now take the step into the shoes of who would be the owner for the ownership definition pursuant to the Animal Control Act. But in this particular instance, there was no transference of ownership. You have joint owners. One took the dog out for whatever reason and an injury occurred. So both of them should be held liable. Thank you very much, Your Honors, for your time. Any other questions? No, sir. No, I have none. Neither do I. Thank you very much. We'll take the matter under advisement and there being no further cases, I'm going to call. Court is adjourned.